**SO ORDERED.**

**SIGNED this 29 day of September, 2005.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PATRICK NELSON CRUTH, | ) | Case No. 04-12241 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CARL B. DAVIS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 04-5128 |
| | ) | |
| CHARLIES CARS, INC., | ) | |
| PATRICK NELSON CRUTH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### JUDGMENT ON DECISION

This is an adversary proceeding by the trustee Carl Davis to avoid as a preferential transfer

under 11 U.S.C. § 547(b), Charlie's Cars, Inc.'s security interest in a 1994 Buick Park Avenue.

1

Charlie's Cars failed to submit a notice of security interest as provided under Kansas' certificate of title statute, KAN. STAT. ANN. § 8-135(c)(5) (2004 Supp.) for perfecting a security interest in a motor vehicle. The Court concludes that Charlie's Cars perfected its security interest within the 90-day look-back period of § 547(b)(4)(A) but outside the 20-day period permitted by § 547(c)(3)(B) and the 10-day period permitted by § 547(e)(2). Charlie's Cars's lien is therefore avoided as a preferential transfer and is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551. To the extent that Charlie's Cars has received any payments on the car from debtor on or after March 17, 2005, the same should be turned over to the Trustee.

JUDGMENT is entered in favor of the Trustee on his complaint. The lien of Charlie's Cars, Inc. in the 1994 Buick Park Avenue is avoided and preserved for the benefit of the estate. IT IS FURTHER ORDERED that Charlie's Cars, Inc. turnover any funds received on or after March 17, 2005 in respect of the lien.

# # #

2